CHINN
v.
BLANCHARD.

---

## JOHN DOOLEY v. PATRICK DELANEY.

Where a purchaser acquires property which is divided by the boundary line between two adjoining parishes, and registers his purchase in one of the parishes only, the part lying in the other parish is liable to seizure by a creditor; especially if it is not proved he had notice of the sale.

APPEAL from the District Court of Terrebonne, *Burk, J. Shields*, for plaintiff. *Beatty* and *Hall*, for defendants. The judgment of the court was pronounced by

SLIDELL, J. *Delaney* obtained a judgment against *Jeremiah Dooley*, and had it recorded in the parish of Terrebonne, in 1846. Subsequently, he caused a tract of land in the parish of Terrebonne to be seized under *fieri facias*; and thereupon, *John Dooley*, who alleges himself to be the owner of the land, brought this suit, and obtained an injunction. There was judgment perpetuating the injunction, and the defendant has appealed. It appears, that in 1845, *John Dooley* bought of *Jeremiah Dooley*, by notarial act, a tract of land, of which that seized forms a part. Of the tract thus purchased, a part lies in the parish of St. Mary, and a part (being that in controversy) lies in the parish of Terrebonne, a bayou dividing the two parishes. The purchaser had his deed of purchase recorded in St. Mary, but not in Terrebonne. We think it clear that the registry in St. Mary did not relieve the plaintiff from the necessity of recording in Terrebonne, so far as the part of the tract there situate is concerned. Under the act of 1810, the sale is inoperative against *Delaney*. See act of 1810, sec. 7. Moreau's Digest, vol. 1, p. 286.

It is not improper to observe, that there are no equitable circumstances proved against *Delaney*, which would deprive him of the position of a creditor acting *bona fide*, and without notice.

It is therefore decreed, that the judgment of the district court be reversed; that the injunction be dissolved; that the said defendant, *Delaney*, have leave to proceed to execute the judgment by said *Delaney* obtained against said *Jeremiah Dooley*, by seizing and selling, to satisfy the same with costs, so much of the tract of land described in the deed of sale, whereof a copy is of record in this cause, by said *Jeremiah Dooley* to *John Dooley*, as lies in the parish of Terrebonne; and it is further decreed, that the said *Delaney* do recover from the said *John Dooley* and *C. C. Wallis*, his surety, *in solido*, the sum of four hundred and fifty dollars, for interest and damages, and costs of this suit in both courts.